Dear Dr. Ahr:
This opinion is rendered in response to your inquiry concerning the authority of the Department of Mental Health to deposit monetary grants, gifts, donations, devises and bequests in the State Treasury to the credit of the Mental Health Trust Fund and to suspend state purchasing requirements wherein you ask:
 Should the Department of Mental Health and its facilities, on receipt of grants, gifts, donations, devises and bequests, deposit these monies in the State Treasury to the credit of the Mental Health Trust Fund or the State Institutions Gift Trust Fund?
 May the Department of Mental Health and its facilities suspend state purchasing requirements when these requirements would be in conflict with the specific purpose or object of the grant, gift, donation, devise or bequest?
Your first question addresses the authority of the Department of Mental Health to deposit monetary grants, gifts, donations, devises and bequests in the State Treasury to the credit of the Mental Health Trust Fund.
As you point out in your attachment to your request for an opinion of the Attorney General, Section 33.563, RSMo 1978, provides that:
 There is hereby created in the treasury the `State Institutions Gift Trust Fund'. Unless otherwise provided, all moneys derived from gifts, bequests or donations to or for the use of any state agency or state institution shall be deposited in the treasury to the credit of the state institutions gift trust fund and shall be appropriated for the purposes of carrying out the objects for which the gift, bequest or donation was made. (Emphasis supplied.)
Section 630.330.1, House Bill 1724, 80th General Assembly, provides specifically for the deposit of monetary grants, gifts, donations, devises or bequests in the State Treasury to the credit of the "Mental Health Trust Fund" stating:
 The director may for the benefit of the department or any residential facility operated by the department take, receive, administer and hold in trust all grants, gifts, donations, devises or bequests of money or other personal property, or any real property on behalf and in the name of the governor, and the income or interest received or earned or earned on any property or funds so acquired from any person whether individual, body politic, corporate, partnership, unincorporated association or from any other source. If any grant, gift, donation, devise or bequest is made for a specified use or purpose, it shall not be applied either wholly or in part for any other use or purpose. The director may, if so authorized by the general assembly, convey or lease any real property so acquired. The director or the governor shall deposit the funds derived from such sale or conveyance or lease and any other funds derived from grants, gifts, donations, devises or bequests of money or other property, whether real or personal or income or interest therefrom, in the state treasury where it shall be credited to a special fund known as the `Mental Health Trust Fund,' which is hereby created. The mental health trust fund shall not lapse biennially and, accordingly, shall be exempt from the provisions of section 33.080, RSMo, relating to the transfer of funds to the general revenue fund of the state by the state treasurer.
Thus, since "other provision" is specifically made in Section 630, 330, House Bill 1724, 80th General Assembly, facilities should deposit monetary grants, gifts, donations, devises and bequests in the State Treasury to the credit of the Mental Health Trust Fund.
Your second question addresses the authority of the Department of Mental Health to suspend state purchasing requirements. The hypothetical set of facts posed in your attachment to your request for an opinion of the Attorney General sets forth a specific product and its use to be purchased with the monetary grant, gift, donation, devise or bequest. Also posed is the possibility that a monetary grant, gift, donation, devise or bequest may be contingent upon expenditure of the money within the immediate local community. The hypotheticals posed in your attachment to your request for an opinion of the Attorney General all contemplate the purchase of personal property by the Department of Mental Health or one of its facilities; therefore, only the purchase of personal property will be discussed in this opinion.
Section 34.030, RSMo 1978, provides in part that:
 The commissioner of administration shall purchase all supplies for all departments of the state, except as in this chapter otherwise provided.
No exception applicable to purchases made with monetary grants, gifts, devises, donations or bequests to the Department of Mental Health is provided in Chapter 34.
"Supplies" is defined in Section 34.010.1, RSMo 1978, to mean "supplies, materials, equipment, contractual services and any and all things, except as in this chapter otherwise provided." "Department" is defined in Section 34.010.3, RSMo 1978, to include "department, office, board, commission, bureau, institution, or any other agency of the state, except the legislative and judicial departments."
The Department of Mental Health and its facilities do not belong to the legislative or judicial departments and, as an agency of the state and its subdivisions, are included in the departments of the state for which the commissioner of administration shall purchase supplies.
The term "supplies" as defined in Section 34.010.0, RSMo 1978, is certainly broad enough to include purchases made with monetary grants, gifts, donations, devises or bequests.
Therefore, purchases made pursuant to monetary grants, gifts, devises, donations or bequests to the Department of Mental Health must be made by the state purchasing agent.
It should be noted that Section 630.330, House Bill 1724, 80th General Assembly, specifically states, in part, that ". . . If any grant, gift, donation, devise or bequest is made for a specified use or purpose, it shall not be applied either wholly or in part for any other use or purpose."
Section 34.040, RSMo 1978, states in pertinent part:
 All purchases shall be based on competitive bids. . . . The contract shall be let to the lowest and best bidder. The commissioner of administration shall have the right to reject any or all bids and advertise for new bids, or, with the approval of the governor, purchase the required supplies on the open market if they can be so purchased at a better price. All bids shall be based on standard specifications wherever such specifications have been prepared by the commissioner of administration as provided in section 34.050.
It is an accepted rule of statutory construction that statutes relating to the same class of things should be read in connection with one another as constituting one law, and they should be harmonized, if possible. Both Sections 630.330, House Bill 1724, 80th General Assembly and 34.040, RSMo 1978, relate to the purchase of items by the Department of Mental Health or one of its facilities pursuant to a monetary grant, gift, donation, devise or bequest to the Department of Mental Health or one of its facilities.
Read together, Sections 630.330, House Bill 1724, 80th General Assembly, and 34.040, RSMo 1978, require the purchases made pursuant to the monetary grants, gifts, donations, devises or bequests to the Department of Mental Health or its facilities to be made only after competitive bids based on the specifications on which the monetary grants, gifts, donations, devises or bequests were made have been taken unless it is impossible to make such purchases on a bid basis because of the provisions of the donations or bequests in which case direct purchases can be authorized. Section 34.100, RSMo 1978, provides as follows:
 The commissioner of administration shall have power to authorize any department to purchase direct any supplies of a technical nature which in his judgment can best be purchased direct by such department. He shall also have power to authorize emergency purchases direct by any department. He shall prescribe rules under which such direct purchases shall be made. All such direct purchases shall be reported immediately to the commissioner of administration together with all bids received and prices paid.
Under such section, if the commissioner of administration in his judgment determines that the property to be purchased is of a technical nature which can best be purchased direct by the Department, he can authorize the Department to make such purchase direct.
CONCLUSION
It is the opinion of this office that the Department of Mental Health and its facilities should deposit monetary grants, gifts, donations, devises and bequests to the credit of the Mental Health Trust Fund. State purchasing requirements relating to bids must be complied with unless it is impossible to make such purchases on a bid basis because of the provisions of the donations or bequests or if the property is of a technical nature in which case direct purchases can be authorized.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Hannelore Fischer.
Sincerely,
 JOHN ASHCROFT Attorney General